I. S. TREMBLY v. THE STATE, *ex rel.*, &c.

1. JURORS; *Panel Required; Filling Panel; Statute of 1876, Construed.* While under section 5 of chapter 104 of the laws of 1876, a court should require the attendance of a regular panel of at least twelve jurors, yet, if by legitimate and proper excuse that panel be reduced slightly below that number, the court is not compelled to delay the trial of any case until the requisite machinery can be set in motion and made effective for drawing and summoning the deficient number, but may proceed under section 6 of said act to supply the requisite jurors.

2. ———— *When Venire is Unnecessary.* Where under said section 6 the court at the request of a party names certain jurors, and such jurors enter the jury-box ready for service as jurors, a failure to issue a formal venire to compel their attendance is no substantial error.

3. ———— In naming jurors under said section the court is not bound to send for or examine the assessment-roll.

*Error from Harvey District Court.*

THE action below was against *Trembly*, brought in the name of *"The State of Kansas,* upon the relation of N. E. C." The relator was an unmarried woman, and the proceeding was to compel *Trembly,* as the putative father of an illegitimate child, to support such child. The justice before whom the proceeding was instituted required *Trembly* to recognize for his appearance to the district court, as provided by § 5 of ch. 47, Gen. Stat. The case was tried in the district court, at the March Term 1877. The jury found that defendant *Trembly* was the father of the child, and judgment was given fixing the sums to be paid and times of payments to be made by *Trembly* for the support of the child. Defendant brings the case here. The errors complained of are stated in the opinion.

*Nichols & Green,* and *Frank Doster,* for plaintiff in error.

*John Reid,* and *Davis & Johnson,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action or proceeding under chapter 47 of the general statutes. When the cause was called for trial in the district court there were but ten jurors in attendance belonging to the regular panel, two having been previously excused by the court. The court had also previously issued a special venire for six additional jurors, and when the jury were called to try the case, two of the special jurors took their seats with the ten of the regular panel. The defendant objected to these two jurors because they had not been drawn and summoned according to law; which objection was overruled, and defendant excepted. The defendant then objected to any of said special panel, including the two jurors who had taken their seats as aforesaid, being called, whereupon the court (in effect sustaining such objection) directed the sheriff to fill up the jury from the bystanders; to which the defendant also objected, and asked

the court to name the additional jurors. The court complied. with this request, and named a person present in the court room, and directed him to take his seat in the jury-box, to which defendant also objected, and asked that the court ascertain the names of jurors by reference to the assessment-rolls of the county, which request the court refused, and defendant excepted. Whereupon the court continued to call persons into the jury-box, who were present in the court-room, until both parties had exhausted their challenges. The defendant then challenged the array, (which challenge was overruled, and excepted to.) The challenge is as follows:

(*Title.*) "And now comes the defendant and challenges the array in the above-entitled cause, for the reasons and upon the grounds that the jurors, Ira Winans, William Ward, William Walton, A. Powell, S. Powell, and H. C. Dewitt were not selected and were not drawn and summoned as required by law."

These facts present all the questions to which our attention is directed. And they turn upon the construction of chapter 54 of the general statutes, as amended by ch. 104 of the laws of 1876. Section 5 of this last act provides, that—

"Whenever for any cause petit jurors shall not have been drawn and summoned to attend any court of record, or a sufficient number of qualified jurors shall not be in attendance at such court, the court shall order a sufficient number to be immediately drawn and summoned as herein provided."

While section 6 reads:

"When there shall not be jurors enough present to form a panel in any cause, the court may direct the sheriff, or other officer, to summon a sufficient number of persons having the qualifications of jurors to complete such panel from the by-standers, or from among the neighboring citizens, and the officer shall summon the number so ordered; provided, that in case either party to a cause by himself or his attorney, shall so request it, it shall be the duty of the judge of such court to select such jurors and cause a venire to issue for the same, *naming* the jurors so selected therein as hereinbefore provided."

Now it is insisted that before a party can be compelled to go to trial he is entitled to a panel of at least twelve jurors, regu-

larly *drawn and summoned;* and that whenever such a panel
is not in attendance the court must delay the proceedings un-
til a number sufficient to complete the panel has been regu-
larly drawn and summoned by the proper county officer, and
that section 6 applies only when a full panel is in legal at-
tendance, but some of the jurors are temporarily absent.
We cannot assent to this. Doubtless it is the duty of the
court to see that a regular panel of jurors is in attendance,
and that that panel should consist of at least twelve jurors,
(that being the number requisite for a jury,) and of as many
more as the court may deem necessary for the ordinary busi-
ness of the term. But we cannot think that whenever the
regular panel is reduced below the number of twelve, by legiti-
mate and proper excuses of one or two jurors, the proceeding
of the court *must* be stayed until the requisite machinery can
be set in motion and made effective for drawing and summon-
ing the deficient number. Except by special order of the
judge, made at least thirty days before the term, only twelve
jurors are to be summoned for the regular panel. (Gen. Stat.,
pp. 535, 537, §§ 9, 21, 22.) Can it ever be held that there
was error in not making this special order? Must the judge
necessarily anticipate the exigencies of the approaching term?
and is it error if he fails to provide for a regular panel large
enough for the demands of every case? Clearly not. It is
matter which must in the nature of things be left to his dis-
cretion; and it is no ground of error in any particular case
that a regular panel is not present sufficient to furnish a com-
plete jury. Almost invariably, as every lawyer knows, some
juror or jurors called into the box, whether on the regular
panel or not, are disqualified to sit as jurors in the case on
trial, or are challenged by the parties; so that if the court
delays the trial to complete the regular panel, it will also in
all probability be compelled to delay a second time for the
service of a special venire. The law does not contemplate
such repeated delays. While therefore a judge ought to see
that a regular panel of at least twelve jurors is constantly in

attendance, a failure to do so is no ground for reversing the judgment rendered in any case.

Secondly, the special venire issued was, at the time of its issue, proper, no request to the contrary having then been made. Yet it is immaterial whether it was proper or not, for when requested the court ignored this venire, and himself named the jurors. Having requested this course, the defendant cannot complain of the court for pursuing it. Having named the jurors, and secured their presence in the jury-box, the court committed no substantial error in not formally issuing process to compel their attendance. A venire, if issued, operates only to compel the attendance of the jurors; and they took their seats in the box without process. It does not appear that any one thus selected was disqualified, and we know of no law or reason compelling the judge to send for the assessment-roll before naming the jurors. If any named by him is in fact disqualified, the inquiries of counsel will ascertain the fact, and he will be excused.

We see no error in the impanneling of this jury; and that being the only matter presented to our attention, the judgment will be affirmed.

All the Justices concurring.