# THE STATE OF KANSAS v. CHARLES EDWARDS.

No. 12,869. (67 Pac. 834.)

SYLLABUS BY THE COURT.

1. JURY AND JURORS—*Talesmen—Code Construed.* Section 273 of the code (Gen. Stat. 1901, § 4720), which provides that "when the requisite number of jurors cannot otherwise be obtained, the sheriff shall select talesmen to supply the deficiency from the by-standers or the body of the county, as the court may direct," by section 208 of the criminal code (Gen. Stat. 1901, § 5650) made applicable to the impaneling of jurors in criminal cases, is a special provision, to be applied only when it is found by the court that additional jurors necessary to constitute a panel cannot otherwise be obtained.

2. ——— *Empty Jury-box—Insufficient Reason for Talesmen.* Additional jurors were necessary to constitute a panel. The defendant requested the names of additional jurors to be drawn from the jury-box, as provided by section 1 of chapter 121, Laws of 1899. The fact, alone, that the jury-box was found empty did not authorize the trial court to proceed under the provisions of section 273 of the code (Gen. Stat. 1901, § 4720) by ordering the sheriff to summon talesmen from the bystanders or body of the county to complete the panel, in the absence of a further showing that the jury-box could not at the time be legally filled or that a jury could not be legally obtained.

Appeal from Finney district court; WM. EASTON HUTCHISON, judge. Opinion filed February 8, 1902. Reversed.

*G. L. Miller,* county attorney, and *H. F. Mason,* for The State.

*W. R. Hopkins, M. W. Sutton,* and *T. A. Scates,* for appellant.

The opinion of the court was delivered by

POLLOCK, J.: The single question which we shall consider in this case arises upon the manner of impaneling the jury. The many other errors assigned are not well taken.

At the time the case was called for trial, as appears from the record, but one member of the regular panel of jurors was present. Upon inquiry made by the court as to how a jury should be selected, defendant objected to the impaneling of a jury in any other manner than that provided by law, and requested that the names of additional jurors should be drawn from the jury-box. Upon the county clerk's being brought in with the jury-box, the information was elicited that there were no names remaining in the box; that all had been drawn out in the usual way. Thereupon, the court ordered the sheriff to call as jurors to serve in the case twenty-five men from the bystanders and body of the county, to which order the defendant objected. After an adjournment of the court, it appears from the record, six members of the regular panel of jurors were in attendance. The record proceeds as follows:

"The defendant objects further, for the reason that the jurors to be called have never been properly summoned and selected; and further, there is no authority of law to justify the court in summoning jurors from the bystanders and citizens, or for the sheriff in summoning bystanders and citizens, when a request has been made to have them drawn from the box by the defendant."

This objection was by the court overruled. After examination of the jury and immediately before it was sworn to try the case, the defendant made his challenge to the array, which challenge was overruled.

Appellant contests the right of the court thus to impanel a jury in his cause under the statutory provision for the selection of a jury then in force, as contained in chapter 121, Laws of 1899, amended in 1901, which reads as follows:

"When there shall not be jurors enough present to

The State v. Edwards.

form a panel in any cause, the court may direct the sheriff or other officers to summon a sufficient number of persons having qualifications of jurors to complete such panel from the bystanders or from among the neighboring citizens, and the officer shall summon the number so ordered; provided, that in case either party to such cause, by himself or his attorney, shall so request it, it shall be the duty of the judge of said court to cause a venire to issue naming the jurors whose names shall be drawn from among those from which the regular panel were drawn, and shall be drawn in the same manner; provided, that the names of said jurors may be drawn in the presence of the judge of said court trying such case, after the notice of the time of said drawing has been given to the parties or their attorneys in said case, who shall have the right to be present at said drawing, if they so announce in open court at the time said venire is demanded; provided, further, that if any juror's name be drawn who, on account of distance from the place where the court is held or other reason, he cannot be conveniently served, the court or judge trying the case may order other names to be drawn, who can more readily and conveniently be served.   Any person serving as a juror drawn under said special venire herein shall not be disqualified for further juror service on the regular panel thereafter drawn or otherwise, and his name shall be treated the same as if he had not served as a juror.''

The state affirms the right of the trial court to order a jury summoned from the bystanders or body of the county in the manner indicated (if it were conceded that the record shows a jury was so impaneled), under the provisions contained in section 273 of the civil code (Gen. Stat. 1901, § 4720), which provides:

''When the requisite number of jurors cannot otherwise be obtained, the sheriff shall select talesmen to supply the deficiency from the bystanders or the body of the county, as the court may direct.''

Section 208 of the criminal code (Gen. Stat. 1901, § 5650) provides :

"The proceedings prescribed by law in civil cases in respect of the impaneling of jurors, the keeping them together, and the manner of rendering their verdict, shall be had upon trials on indictments and informations for criminal offenses, except in cases otherwise provided by statute."

But the claim is made by the state that the record does not affirmatively show the jury impaneled in the case to have been called from the bystanders or from the body of the county. From a careful examination of the record, we think it does affirmatively show that a portion of the jury was called, under the order of the court, from the bystanders. At no time does the record show more than six of the regular panel of jurors present in court. Counsel for defendant expressly placed the ground of his objection to the calling of jurors, about to be called, upon the ground that there was no authority of law to justify the court in causing jurors to be summoned from the bystanders and citizens, when a request had been preferred to have jurors drawn in the usual way. It must be assumed that counsel was objecting to the taking of a step about to be taken by the court in the progress of the trial, and that the court overruled this objection from his understanding of the law, and not upon the ground that the step objected to was not being taken, or the ruling would have been placed upon this ground.

The question for our determination is, Did the court err in this case in impaneling the jury by causing bystanders to be summoned on the jury under the order made? The statutory provision above quoted, which appellant relies on to work a reversal of the judgment of conviction in this case, is mandatory. In the case

of *The State v. Simons*, 61 Kan. 752, 60 Pac. 1052, this court held :

"When there are not enough jurors of the regular panel present in court to constitute a jury, and either party to a case called for trial requests that the necessary additional number be drawn in the manner prescribed by chapter 121, Laws of 1899 (Gen. Stat. 1899, § 3700), it becomes the duty of the judge to cause the drawing to be made, and not to fill the panel with talesmen from among the bystanders.   The case of *Trembly v. The State*, 20 Kan. 116, distinguished."

It is also the latest expression of the legislative will upon the subject, and the act of which it is a part forms a general scheme of proceeding in the selection and impaneling of juries, under the jury system of this state, and is, as a consequence, where applicable, exclusive of all others.   The provision relied on by the state, and adopted by the trial court in this case, is a special provision not found in the general scheme, and, indeed, only to be applied to special cases of emergency, or, as expressed in the act itself, "when the requisite number of jurors cannot be otherwise obtained."   There was no finding by the court in this case that the emergency provided against by this section of the code had arisen.   Nor do the facts in the record justify the conclusion that any such emergency had arisen in this case.   True, the jury-box, upon being produced by the proper custodian thereof, was found empty, but the act provides how and when it shall be replenished.   (Gen. Stat. 1901, § 3795, *et seq.*)

From an inspection of the record, it is found that the case was tried on the 14th day of April, 1900. The act provides for the selection of names, with which the jury-box is replenished, in the month of April for the succeeding year.   We perceive in this case no in-

superable obstacle in the way of proceeding in the impaneling of a jury to try this case in the exact manner pointed out by the statute. So to have proceeded might, and in all probability would, have caused a short delay in the trial of the case, but such delay, if occasioned, is not a sufficient reason why the positive provisions of the act in question, intended to safeguard the property and liberty of the citizen litigant, should be set at naught.

We are, therefore, of the opinion that the section of the code relied on by the state is not applicable, the emergency provided against in such section not having arisen, and that in the manner of impaneling the jury the court erred. For this error alone judgment is reversed, with direction to grant a new trial.

DOSTER, C. J., SMITH, J., concurring.