82  793
f91  381

EDWARD SMITH ET AL. *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW.  *Robbery.*  *Indictment.*  *Code* 1892, § 1284.

   Under Code 1892, § 1284, defining robbery as the felonious taking of the personal property of another in his presence or from his person and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, an indictment seeking to charge a robbery by taking property from the person of another by putting him in fear, etc., is fatally defective if it omit to charge either that the person said to have been robbed was put in fear of some immediate danger to his person or that the property was taken from his person.

FROM the circuit court of Claiborne county.

HON. GEORGE ANDERSON, Judge.

Edward and Richard Smith, appellants, were indicted, tried and convicted of robbery, and appealed to the supreme court. The facts touching the contents of the indictment, upon which the case was alone decided, are stated in the opinion of the court.

*J. McC. Martin,* for appellants.

The indictment is based on section 1284 of the Annotated Code of Mississippi, which reads as follows, to wit: *"Robbery; definition, etc.; fear of immediate injury.—* Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery."

The analysis of the foregoing section shows fully what cases fall within its provisions. 1. There must be a taking of the personal property of another feloniously. 2. Such taking must be of the personal property, in the presence and against the will of the owner, or such taking must be from the person of the owner and against his will. 3. Such taking must be not only of the property of another, in his presence, or from his person and against his will, but it must be so done, *by violence to his person, or by putting such person in fear of some. immediate injury to his person.*

The expression *"in his presence,"* may be made plain by an illustration. Suppose A to have laying by him, in full view, some species of personal property, susceptible of being taken possession of and moved away. If B, then, should take such property into his possession and move it away, against the will of A, the offense would fall under that part of the definition "in his presence," because the property not being *on his person,* but *in his presence,* is forcibly and feloniously taken. This, of course, distinguishes the offense from larceny, as larceny supposes stealth, instead of. applied personal force.

The expression, "from his person and against his will," constitutes a different class of offenses from the one last considered, but of the same kind. If A has on his person, say in his pocket, money or other article; and B takes the same from A's pocket, using violence to his person, or by putting him *in fear of some immediate injury to his person,* then another division of the same offense arises.

At common law, robbery is defined as follows, to wit: "Robbery is the felonious and forcible taking of the property of another from his person, or in his presence, against his will, by violence or putting him in fear." This definition differs from section 1284, above cited, materially in the interpolation of the words, "by violence to his person or by putting such person in fear of immediate injury to his person."

The indictment laid against appellants does not follow section 1284, nor does it in fact state the statutory crime.

*J. N. Flowers,* assistant attorney general, for appellee.

Argued orally by *J. McC. Martin,* for appellants.

WHITFIELD, C. J., delivered the opinion of the court.

The indictment is founded on section 1284 of the Code of 1892, which is as follows:

"Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery."

The indictment, in its charging part, is as follows: "Present that Edward Smith and Richard Smith feloniously in and upon the body of one Boone Irby an assault making, did then and there put him, the said Boone Irby, in bodily fear and danger with the intent the goods and chattels and personal property then and there on the person of the said Boone Irby then and there to feloniously steal, rob, seize, take, and carry away; and then and there five dollars, lawful money of the United States, of the value of five dollars, the personal property of the said Boone Irby, then and there being found, did unlawfully and feloniously seize, rob, steal, take, and carry away." The first instruction for the state follows the indictment literally. It is obvious, from a comparison of the statute with the indictment

and first charge for the state, that the offense described in the statute is not set out in either.    Neither states that the persons said to be robbed were "put in fear of some immediate danger to their persons," or "that the personal property was taken from their persons."    This is not a case of robbery by taking the personal property "in the presence" of the party alleged to have been robbed.    The thing attempted to be charged is that the robbery was committed by taking the property from the person by putting the person in immediate fear of injury to his person. Yet both these essential averments are omitted from the indictment and said first instruction.    This is a statutory offense, and the language of the statute should be strictly pursued.

*Reversed and remanded.*