THE STATE OF KANSAS V. ARTHUR SCHMIDT.
No. 14,891.   (87 Pac. 742.)

THE STATE OF KANSAS V. FRANK THORP.
No. 14,892.   (87 Pac. 742.)

THE STATE OF KANSAS V. HENRY SCHMIDT.
No. 14,893.   (87 Pac. 742.)

THE STATE OF KANSAS V. CHOD THOMAS.
No. 14,895.   (87 Pac. 742.)

SYLLABUS BY THE COURT.

1. JURY AND JURORS — *Vitiated Panel* — *Selection by District Judge.* Where it is made to appear to the court that the township trustees and mayors of cities have failed to make lists of persons to serve as jurors, or where the lists furnished by them to the county clerk or the names taken from the lists and deposited in the jury-box have been so returned or deposited as to vitiate the panel, the duty devolves upon the district judge to select a sufficient number of jurors for the term.

2. ——— *Statute Not Impliedly Repealed.* Chapter 117 of the Laws of 1886 was not repealed by the enactment of chapter 236 of the Laws of 1901.

3. ——— *Residence of Jurors—Challenge to the Array.* The mere fact that the district judge in making such selection fails to select jurors from all the cities and townships of the county is not a good ground of challenge to the array.

Appeals from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed November 10, 1906. Affirmed.

*C. C. Coleman,* attorney-general, *F. S. Jackson,* and *John S. Dawson,* assistant attorneys-general, for The State.

*G. H. Buckman, Jackson & Noble,* and *Torrance & Bloss,* for appellants.

The opinion of the court was delivered by

JOHNSTON, C. J.: The defendants were each convicted of unlawful sales of intoxicating liquors, and as all the convictions rest upon similar testimony, and

like rulings and exceptions were made in each case, all the cases were submitted together, and may be disposed of by a single consideration.

The first contention is that the trial court erred in overruling a challenge to the array of jurors and denying to the defendants a trial by a jury drawn from the jury-box. The defendants were tried at the November, 1905, term of the court. In the early part of that term there was a challenge to the array of regular jurors in attendance for the term, and the court upon consideration of the challenge determined that the lists of jurors furnished by the township trustees and mayors of the cities of the county, and the names taken from the lists and deposited in the jury-box, had been so returned and deposited as to vitiate any and all panels drawn from that box. The court, having determined that there was no legal panel of jurors, found that the attendance of jurors for the term was necessary for the transaction of the business of the court, and, upon an order of the court, the judge selected thirty-seven qualified jurors to serve as regular jurors for the November term of the court. Later in the term, and when jurors so selected were called for the trial of defendants, the latter interposed a challenge to the validity of the panel, which was overruled, and they now complain because the court refused them a trial by a jury drawn from the jury-box.

The jurors were selected in substantial compliance with the governing statutes. It is provided:

"That whenever it shall be made to appear to the court that the township trustees and mayors of cities, as provided for in the act to which this is an amendment, have failed to make the lists from the assessment rolls of the previous year, or that from any other cause the lists furnished by them to the county clerk or the names taken therefrom and deposited in the jury-box have been so returned or deposited as to vitiate a panel drawn therefrom, it shall be the duty of the judge of such court to forthwith select a sufficient number of

jurors for the term, and cause a venire to issue for the same, naming the jurors so selected therein." (Laws 1886, ch. 117, § 1; Gen. Stat. 1901, § 3822.)

Other sections of that act provide for the furnishing of new lists of persons to serve as jurors during subsequent terms for the ensuing year. (Laws 1886, ch. 117, §§ 2-4; Gen. Stat. 1901, §§ 3823-3825.) It is contended, however, that these provisions are not now in force, but were repealed by a later act. (Laws 1901, ch. 236; Gen. Stat. 1901, § 3816.) There was no express repeal of the earlier act, and no reason has been given why the later act should be regarded as inconsistent with the earlier one and as an implied repeal of it. While both acts relate to the general subject of selecting jurors, they provide for different contingencies, and there is ample scope for the operation of each. The act of 1901, as will be observed, provides for completing a panel to try a particular cause, while the act of 1886 provides for the selection of jurors for the term. One provides for filling up an incomplete panel, and the other provides an entire panel as a substitute for one vitiated because of the error or misconduct of the local officers who furnished the lists of names for deposit in the jury-box. The cited case of *The State v. Edwards,* 64 Kan. 455, 67 Pac. 834, related to the filling out of an existing panel and has no application to a situation where the court finds that the steps taken in placing names in a jury-box are such as entirely to vitiate the panel.

It is further said that the court should have quashed the panel in these cases because no jurors were chosen by the judge from the cities of Winfield or Arkansas City. This is substantially the same objection which was made and held to be insufficient to vitiate a panel in *The State v. Frazier,* 54 Kan. 719, 39 Pac. 819. It does not appear how it happened that these cities were overlooked when the selection of jurors was made by the judge, nor is there anything to show that the omis-

sion was arbitrary or intentional. It does not appear that a fair jury was not obtained, nor that the defendants suffered any prejudice because jurors were not selected from every township and city in the county. The Frazier case was sufficient authority for overruling the challenge to the array.

There is complaint in each case that the court received in evidence a certain plea in bar which was filed by defendant in another case in which he pleaded guilty to the charge of unlawfully maintaining a place where intoxicating liquors were kept for use and sale as a beverage. That place, it appears, was the same one in which the sales involved herein were alleged to have been made. The appellants treat this as a confession, and insist that the preliminary showing necessary to the introduction of a confession was not made. It was not introduced, however, as a confession that the defendant was guilty of an offense charged in this case, nor was it so treated by the court. It was only the admission of the incidental fact that he had maintained a club-house and a nuisance about the time of the unlawful sales in question; the same place in which the alleged sales were made. The state had averred and was endeavoring to prove that the unlawful sales charged against defendant were made at a particular place. An admission by the defendant that he had been conducting such unlawful business at that place at about that time was admissible as tending, in some degree, to prove the unlawful sales. An oral admission by the defendant to a neighbor that he was carrying on the unlawful business near the time of the unlawful sales would have been admitted probably without question, and the fact that the admission was reduced to writing does not change its character as proof or weaken its force. The court in its instructions carefully limited the application of the testimony, leaving no ground for complaint.

As the informations were sworn to positively, and no

question of jurisdiction arises, it is not now material what particular offenses were in the mind of the prosecutor when he verified them.

The charges of the court, although criticized, appear to have fairly submitted the issues in the cases to the jury, and no error is seen in any of the rulings on instructions. The judgments are affirmed.

All the Justices concurring.