STATE OF MISSISSIPPI *v.* JAMES PRESLEY.

[44 South., 827.]

1. CRIMINAL LAW AND PROCEDURE. *Robbery. Indictment. Putting in fear. Assault. Against the will.*

An indictment for robbery, charging that defendant unlawfully, feloniously and violently did rob and steal and take from prosecutor's person designated personal property, is not demurrable for failure to charge in terms:—

(*a*) That prosecutor was put in fear; or

(*b*) That an assault was made on him; or

(*c*) That the property was taken against his will.

2. SAME. *Statutory crime. Language of statute. Synonymous words.*

The exact words of a statute defining an offense need not be used in an indictment under it; words tantamount to those of the statute are sufficient.

FROM the circuit court of Tippah county.

HON. JAMES B. BOOTHE, Judge.

Presley, appellee, was indicted, tried and convicted of robbery. His motion in arrest of judgment, however, was sustained and a judgment rendered by the trial court discharging him from custody. From this judgment the State appealed to the supreme court.

*R. V. Fletcher,* attorney-general, for appellant.

The indictment is for robbery and was manifestly drawn under § 1361 of the Code which is the same as the common law definition of the offense. It charges that the defendant did unlawfully, feloniously, forcibly and violently rob and steal and take from the person of Knight certain property, etc." Obviously under the statute as at common law there are two

kinds of robbery: one from the person by the use of violence and one by putting the person in fear. This is an indictment for the first form of robbery, and it is therefore not necessary and would indeed be improper to charge that the person robbed was put in fear. The distinction is clearly observed in *Smith* v. *State,* 82 Miss., 793, where it is said, substantially, that an indictment must charge either that the property was taken from the person or that the assaulted party was put in fear. In this case it is plainly charged that the property was taken from the person. A charge of being put in fear was therefore clearly improper. If it be said that the words " by violence to his person " are omitted, the answer is that the indictment does allege that the deed was done " feloniously, forcibly and violently." This is equivalent to the statutory words. As well said in the recently decided *Richberger case,* 90 Miss. 806, the precise language used in a statute need not be employed if equivalent terms are used.

Bishop states clearly that the violence need not be stated in so many words; that it is not a technical word in the definition. 2 Bishop's Crim. Proc., § 1004.

See also, what this great authority says in § 1005 as to the allegation of putting in fear.

While it is usual to charge an assault, yet this is not mentioned either in the statute or the common law definition of the offense and certainly the omission of this charge, in the absence of a demurrer, is not fatal.

The indictment does in fact charge the larceny, and it is not necessary to state specifically that the taking was " against the will." 2 Bishop, Cr. Proc., 1006.

The indictment charges a crime and while it is inartificially drawn it is good after verdict, and the case should be remanded that sentence may be imposed as required by law.

*Spight & Spight,* for appellee.

There was no error in the action of the circuit judge in sus-

taining the motion in arrest of judgment. While it is true
that the defendant could have successfully interposed a de-
murrer to the indictment, if the defects had been discovered
before trial, yet he was not required to do so. This indict-
ment is fatally defective in omitting to charge essential in-
gredients in the crime of robbery and notwithstanding the pro-
visions of §§ 1413 and 1426, Code 1906, the objections are
properly raised by motion in arrest of judgment after verdict.
The objections here presented are not merely formal, but go to
the very essence of the offense attempted to be charged. Section
1361, Code 1906, is the statutory definition of robbery and
differs from the common law definition by the interpolation of
the words " by violence to his person or by putting such person
in fear of immediate injury to his person." The indictment
does not conform to either the statutory or common law defini-
tion of robbery. In both it is necessary to allege that the tak-
ing of the property was against the will of the person alleged
to have been robbed. The indictment in this case omits this
allegation and contains no other words of similar import. In
*Smith* v. *State,* 82 Miss., 793, Chief Justice WHITFIELD, in
delivering the opinion of the court says: " This is a statutory
offense and the language of the statute should be strictly pur-
sued." It will not do to say that the words forcibly and
violently in this indictment obviate the necessity of charging
that it was against the will. If the person alleged to have been
robbed had been asleep or unconscious from drunkenness or
other cause, property taken from his person with intent to
steal must have been taken " feloniously, forcibly and vio-
lently " as charged in this indictment. Yet it cannot be said
that this was done against the will of the person from whom
the property was taken because he had no will. The offense in
that case would have been larceny, not robbery. On the other
hand the person from whom the property is alleged to have
been taken might have been wide awake and thoroughly con-
scious, but the taking might have been on a dare or test of

strength offered by the possessor of the property and although taken forcibly and violently it could not be said to have been taken against the will of the possessor. It may be said that the cases here put are extreme, but they serve abundantly to illustrate the importance of complying with the statutory definition. If for no other reason the omission of the words " against his will " renders this indictment fatally defective and the motion in arrest of judgment was properly sustained. 12 Enc. of Pl. & Pr., pp. 1217, 1218, 1227. *Cook* v. *State,* 72 Miss., 517; *Taylor* v. *State,* 74 Miss., 544; *Smith* v. *State,* 82 Miss., 793; 24 Am. & Eng. Ency. Law (2d ed.), 1003, § 6.

In the offense of robbery it is essential to charge an assault with felonious intent and a failure to do so is fatal. 18 Enc. of Pl. & Pr., 1219, 1220, and notes. The indictment is not good for the crime of larceny because it fails to charge any asportation.

The indictment is so fatally defective that no judgment could be properly rendered on a verdict of conviction and the motion in arrest was properly sustained.

Argued orally by *R. V. Fletcher,* attorney-general, for appellant.

CALHOON, J., delivered the opinion of the court.

The indictment for robbery is under Code 1906, § 1361. There was trial, conviction, and then a motion in arrest of judgment and for discharge. The grounds of the motion were because (1) the indictment is fatally defective, in that it does not charge an assault; (2) because it does not charge an intent to rob or steal; (3) because it does not allege a larceny; (4) because it does not charge that the person robbed was " put in fear "; (5) because it does not charge that the taking was " against the will." The court sustained this motion, and ordered the defendant discharged from further answering that indictment, but held him under his bond to answer another indictment if found by the grand jury.

In so far as it concerns the merits of this case, the language of the indictment is that the defendant " unlawfully, feloniously, forcibly, and violently did rob and steal and take from the persõn of William M. Knight certain personal property of said Knight, to-wit, one pistol, worth $10 and $2 in silver money of the United States currency, and all of the aggregation value of $12, contrary," etc.   Of course, it is not necessary that the person robbed should have been put in fear where the goods were taken from his person. *Smith* v. *State,* 82 Miss., 793; 35 South., 178.   Taking the property from, and by violence to, the person is one thing under the statute, and putting the person in fear of injury is another.

The omission of the word " assault " is not fatal here, because the charge is of acts which are in fact an assault.   An assault is a conclusion of law from acts done, and our statute on robbery does not make it necessary to aver it technically, nor did the common law.

The violence is sufficiently charged, if it were necessary, and according to 2 Bishop on Criminal Procedure, § 1004, an indictment without it may be good if the meaning is otherwise conveyed.   The same authority in § 1005 distinctly says that " putting in fear " is essential only where there is no force; and so Mr. Bishop says in § 1006 that the term " against his will " is not essential.   In the case before us we think the indictment charges a condition of things manifestly against the will of the party robbed.   Technical law is good law under proper circumstances, but not where it shocks common sense. One cannot " unlawfully, feloniously, forcibly, and violently " rob and steal from the person of another, without its being against his will; and here it cannot be said that, though that is an infallible argument that it was against the will, still it is not perfectly charged.   Such a doctrine cannot be invoked where the terms of the statute are otherwise duly covered.   The exact language of a statute need not be used, where what is tantamount is fully set out.

The ruling below in our opinion was incorrect, and we reverse it, and remand the case, with instructions to the court below to sentence the accused on the conviction under the indictment against him.