## MILLIE WEBB *v*. STATE.

### [55 South. 356.]

1. CRIMINAL LAW. *Robbery. Putting in fear. Code* 1906, *section* 1361.

Under Code 1906, section 1361, providing that "every person who shall
feloniously take the personal property of another, in his presence
or from his person and against his will, by violence to his person
or by putting such person in fear of some immediate injury to his
person, shall be guilty of robbery," in an indictment for robbery,
it is necessary to aver in the indictment and prove that the alleged
robbery was accomplished either by violence to the person charged
to have been robbed, or by putting such person in fear of some im-
mediate danger to his person.

2. SAME.

In such case an indictment is fatally defective, if it fail to charge that
the danger was immediate.

APPEAL from the circuit court of Lauderdale county.
HON. JOHN L. BUCKLEY, Judge.

Miller Webb was convicted of robbery and appeals.
The facts are fully stated in the opinion of the court.

*F. V. Brahan,* for appellant.

*Jas. R. McDowell,* assistant attorney-general, for ap-
pellee.

ANDERSON, J., delivered the opinion of the court.

The appellant, Miller Webb, was convicted of robbery,
sentenced to seven years in the penitentiary, and ap-
peals to this court.

The court below overruled appellant's demurrer to
the indictment, and this action is assigned as error.
Appellant was indicted under section 1361, Code of 1906,
which is as follows: "Every person who shall felon-
iously take the personal property of another, in his pres-
ence or from his person and against his will, by vio-

lence to his person or by putting such person in fear of some immediate injury to his person shall be guilty of robbery.'' The charging part of the indictment is in this language: ''Did unlawfully and feloniously make an assault in and upon one Carey Flowers, and him, the said Carey Flowers, did then and there feloniously put in bodily fear and danger of his life, and fifteen one dollar United States treasury notes, of the value of fifteen dollars in lawful money of the United States, whose further description is to the grand jury unknown, and certain silver coin, lawful money of the United States and of the value of fifty cents, whose further description is to the grand jury unknown, all the property of the said Carey Flowers, from the person and against the will of the said Carey Flowers, did violently and feloniously take, steal and carry away. . . .''

Under this statute it is necessary to aver in the indictment, and prove, that the alleged robbery was accomplished either by violence to the person charged to have been robbed, or ''by putting such person in fear of some immediate danger to his person.'' The indictment in this case attempts to charge robbery by putting in fear the person alleged to have been robbed ''of some immediate danger to his person;'' but is fatally defective because of the absence of the averment that the danger was immediate. It is no violation of this statute to forcibly take the personal property of another by putting such other in fear of danger to his person, to be done him at some future day. For example, if one person says to another, ''Unless you now deliver to me the money you have on your person, I will kill you the next time I see you,'' and the person so approached, through fear of such threats being carried out, accordingly delivers to the person so approaching him the money which he has on his person, this statute is not violated. *Smith* v. *State*, 82 Miss. 793, 35 South. 178.

*Reversed and remanded.*