YOUNG v. STATE.

[73 South. 786, Division B.]

CRIMINAL LAW. *Motion in arrest of judgment. Grounds.*

> As "Charity covers a multitude of sins" in the domain of morals, so a verdict of a jury in Mississippi covers a multitude of defects in pleadings; and it is only in cases where the indictment is a nullity, because of insufficiency, that a motion in arrest of judgment can be entertained at all.

Appeal from the circuit court of Alcorn county.
HON. CLAUDE CLAYTON, Judge.

Walter Young was convicted of robbery and after verdict of conviction, moved the court to arrest judgment, which being overruled, he appeals.

The facts are fully stated in the opinion of the court.

*W. C. Sweat* and *W. J. Lamb,* for appellant.

This motion in arrest of judgment was by the court overruled; it should have been sustained. This court has held that; "A motion in arrest of judgment brings into question the sufficiency of indictment on every ground, whether specifically assigned or not."

*Denley* v. *State,* 12 So. 698. In the above case, CAMP-BELL, C. J., speaking for the court, said: "Although this specific objection was not made a special cause for demurrer on the motion in arrest of judgment, and was not made in argument here, since the demurrer and motion bring into question the sufficiency of the indictment on every ground, whether specifically assigned or not, we are constrained to pronouce it bad for the reason given."

A motion in arrest of judgment will be sustained on any ground which is apparent in the face of the record. A motion will not be sustained on a ground which is not apparent in the face of the record. It has been repeatedly held by this court that, when a motion in arrest of judgment was made apparent in the face of the record, the motion will be sustained. *Howard* v. *State,* 13 S. & M. 261, 1. Mor. St. Cas. 465.

The only charge asked for by the state in the case at bar failed to charge the jury that they must believe that the robbery was committed by violence to the person of Lon Potts (Rec. p. 25), and this fatal defect in the state's only charge was not cured by any charge asked for and given on the part of the defendant, nor was the jury told that it must believe that Potts was robbed by the defendant by violence of his person. This was fatal in the trial of this cause, and was made the fourth ground of the appellant's motion in arrest of judgment, and for this reason the motion in arrest of judgment should have been sustained.

*Ross A. Collins,* Attorney-General for the state.

Opposing counsel contend that the indictment was fatally defected because it failed to allege that the robbery was committed by violence to the person alleged to have been robbed or "by putting such person in fear of some immediate danger to his person." After verdict of guilty was rendered, appellant filed a motion in arrest of judgment which was overruled.

It was too late to object to the sufficiency of the indictment by motion in arrest of judgment, after the trial had proceeded to judgment. This should have been raised by demurrer. Section 1413, 1426, and 1508 of the Code of 1906. *Wilkinson* v. *State,* 77 Miss. 705; *Norton* v. *State,* 72 Miss. 128; *Burnett* v. *State,* 72 Miss. 994; *Gates* v. *State,* 71 Miss. 874; *Rocco* v. *State,* 37 Miss. 357.

The case of *State* v. *Presley,* 91 Miss. 377, is directly in point with the case at bar. In that case there was a trial and conviction, and then a motion in arrest of judgment which was sustained and the state appealed. The indictment charged that the defendant "unlawfully, feloniously, forcibly and violently did rob and steal and take from the person of William Knight, to wit, one pistol, etc." Judge CALHOUN, speaking for the court said: "Of course, it is not necessary that the person robbed should have been put in fear where the goods were taken from his person. *Smith* v. *State,* 82 Miss. 793, 35 So. 178. Taking the property from, and by violence, to the person is one thing under the statute, and putting the person in fear of injury is another.

The omission of the word "assault" is not fatal here, because the charge is of acts which are in fact an assault. An assault is a conclusion of law from acts done, and our statute on robbery does not make it necessary to aver it technically, nor did the common law.

The violence is sufficiently charged, if it were necessary and according to 2 Bishop on Criminal Procedure, par. 1004, an indictment without it may be good if the meaning is otherwise conveyed. The same authority in paragraph 1005 distinctly says that "putting in fear" is essential only where there is no force; and so Mr. Bishop says in paragraph 1006 that the term "against his will is not essential." In the case before us we think the indictment charges a condition of things manifestly

against the will of the party robbed. Technical law is good law under proper circumstances, but not where it shocks common sense. One cannot "unlawfully, feloniously, forcibly, and violently" rob and steal from the person of another, without its being against his will; and here it cannot be said that, though that is an infallible argument that it is against the will, still' it is not perfectly charged. Such a doctrine cannot be invoked where the terms of the statute are otherwise duly covered. The exact language of the statute need not be used, where what is tantamount is fully set out.

The ruling below in our opinion was incorrect, and we reverse it, and remand the case, with instructions to the court below to sentence the accused on the conviction under the indictment against him.

It will be noted that in the indictment in the *Presley Case, supra,* the word "assault" was omitted and the court held that its omission "is not fatal here, because the charge is one of acts which are in fact an assault." In the case at bar the word "assault" is not omitted, but even if it had been under the above rule the indictment would be good.

ETHRIDGE, J., delivered the opinion of the court.

Walter Young was convicted in the circuit court of Alcorn county on a charge of robbery and sentenced to the penitentiary for five years. There was no demurrer to the indictment, nor motion to quash, but after the jury had returned a verdict of guilty motion was made in arrest of judgment, and it is now complained that the indictment does' not sufficiently charge violence to the person of the person robbed. The statutes of the state provide two methods of raising questions as to the sufficiency of the indictment: First, where the defect appears on the face of the indictment, it must be taken by demurrer, and not otherwise; and where the defect does not appear on the face of the

indictment, must be by motion to quash. Sections 1426 and 1427, Code of 1906. As "charity covers a multitude of sins" in the domain of morals, so a verdict of a jury in Mississippi covers a multitude of defects in pleadings; and it is only in cases where the indictment is a nullity, because of insufficiency, that a motion in arrest of judgment can be entertained at all.

This case is exactly parallel with *State* v. *Presley,* 91 Miss. 377, 44 So. 827, and the judgment is affirmed.

*Affirmed.*