BRUCE *v.* STATE.

(Division B.   Feb. 5, 1934.)

[152 So. 490.   No. 30995.]

(Division B.   April 2, 1934.)

[153 So. 672.   No. 30995.]

Frank F. Mize, of Forest, J. D. Martin, of Raleigh, and Mize, Thompson & Mize, of Gulfport, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

All the objections made to the manner of impaneling of the jury have been overruled by the reasoning applied in the cases, Sullivan v. State, 155 Miss. 629, 125 So. 115, and Harris v. State, 155 Miss. 794, 125 So. 253, except perhaps as to the two following complaints made by appellant: (1) That the judge, instead of the sheriff, called some of the talesmen from among those present in the courthouse; and (2) that thereafter the judge directed the sheriff to go to a neighboring village and there procure a sufficient number to complete the jury.

Under the common law, talesmen were always selected by the sheriff, and this has been the practice in this state as well as generally throughout the country. There are several reasons for this, among which are that the sheriff was elected to perform that duty, and his acquaintance with the men of his county and with their characters and qualifications is generally more adequate than that possessed by the judge. Nevertheless, the calling of talesmen by the judge from those then and there actually present in the courthouse is not so far a departure from the fundamentals of jury selection that it may not be done by the judge upon the request or by the consent of the party, as, for instance, in Trembly v. State, 20 Kan. 116, and when a party does not then and there object, it is but proper to hold that his nonaction is equivalent to consent—there must be applied the ancient principle that a party who does not object when he should will not be heard later to object when he would.

It is the general purpose of our jury laws that so far as practicable jurors shall be taken from the several districts of the county, but when the regular panels so selected have been exhausted or are engaged in their deliberations in cases already submitted, the law has vested large discretion in the trial judge to so act in such unforeseen emergencies as that the court may go on with its work without great delay and at the same time not put the public treasury to unreasonable expense. Thus the practice has been for time out of mind, in this state that in such emergencies the sheriff shall get the talesmen as quickly as he reasonably can even if he take them from the town in which the courthouse is situated or from some other populous community speedily to be reached. And since the sheriff may lawfully do this, we can find no reason why the judge shall not so suggest to him or even direct him so to do, provided the judge do not name the talesmen to be selected by the sheriff. All this has so long been the practice in our state that it has become a

part of our common law in that regard. In such cases a party to the case must be given suitable opportunity to be heard as to any substantial unfairness in the manner of executing the duty of summoning the talesmen, and of objecting to the talesmen themselves, but the sole fact that in an emergency the talesmen are largely taken from one community does not constitute a sustainable objection.

When the state rested its case in chief, appellant's counsel requested a period of twenty minutes to confer with witnesses; the court limited the period to ten minutes; and appellant complains of the alleged undue haste. Appellant had been indicted at a previous term, and there was no suggestion that any witness had, for reasons beyond the control of appellant, been inaccessible before the date fixed for this trial. It was, therefore, within the discretion of the trial judge to refuse any period at all for conferring with witnesses. While it is true that an unreasonable speed in the trial of cases is liable to result adversely to the interests of exact justice and that, therefore, undue haste is not to be commended, at the same time it is a fact known to all of any considerable experience in trial courts that improper delays in the progress of trials, and unwarranted prolongation thereby of terms of court to the grievous injury of the county treasuries, have resulted over and over by reason of complacent indulgences by trial courts of requests for conferences with witnesses and the like. Trial courts should be strict in the allowance of time to do that which the law contemplates shall be done before court or at some period before the case is called for trial.

Complaint is made that the court allowed certain leading questions to be answered by the chief witness for the state. This witness was an old man in his eighty-sixth year and was partially deaf. Some latitude is allowed to the trial court in the matter of leading questions to a witness of that character as may be seen by reference to

28 R. C. L. 589; but without entering upon any precise discussion of that question, we would refer to the fact that two of these questions were upon matters that had already been covered by the testimony of the witness in response to unobjectionable questions, and the other question was whether by the actions of the appellant, the witness had been put in fear of some immediate injury to his person. The witness had already given testimony in response to unobjectionable questions that appellant had taken the money from the person of the witness against his will and by violence to his person. It was, therefore, not necessary, in a prosecution for robbery as was this case, to prove the alternative that the witness had been put in fear. McDaniel v. State, 8 Smedes & M. 401, 47 Am. Dec. 93; Smith v. State, 82 Miss. 793, 35 So. 178; State v. Presley, 91 Miss. 377, 44 So. 827. Thus the errors dealt with in this paragraph, if error, were not reversible errors.

The case upon the facts is not strong, but there is sufficient evidence to sustain the verdict, and there being no reversible error in the trial, the judgment must be affirmed.

Affirmed.

### On Suggestion of Error.

**Ethridge, P. J.,** delivered the opinion of the court on suggestion of error.

We have carefully considered the suggestion of error herein filed, and have reached the conclusion that it should be overruled.

I think, however, that one paragraph of the opinion should be withdrawn, which paragraph reads as follows:

"And since the sheriff may lawfully do this, we can find no reason why the judge shall not so suggest to him, or even direct him so to do, provided the judge do not name the talesmen to be selected by the sheriff. All this has

so long been the practice in our state that it has become a part of our common law in that regard."

While the jury was being impaneled, the judge called some talesmen from the bystanders, and when these were insufficient, he directed the sheriff to go to Cohay and summon jurors, but no objection was made thereto, and the jury was accepted. It is true that on the following morning, after additional counsel had been employed, there was a motion to quash the jury, but that came too late.

The law confers upon the sheriff the duty to select jurors after the regular panel is exhausted, and the safe course is for the judge to allow the sheriff to perform his duty without direction from the court as to who shall be summoned, or where they shall be obtained. The judge has sufficient authority, under the power given him, to excuse any juror who, in his opinion, based upon reasonable grounds, cannot or will not try the case fairly.

**Anderson, J.,** concurs.