(Nos. 36303, 36304, Cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOWELL AULT *et al.,* Plaintiffs in Error.

*Opinion filed May 27, 1963.*

Louis B. Sunderland and Ivan Looker, both of Watseka, appointed by the court, for plaintiffs in error.

William G. Clark, Attorney General, of Springfield, and Robert L. Dannehl, State's Attorney, of Watseka, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

The defendants, Lowell Ault and Andrew Kovacivich, were tried by jury in the circuit court of Iroquois County and convicted of the crimes of burglary and larceny and each was sentenced to a term of not less than 5 nor more than 10 years. Writs of error were issued to review each judgment of conviction and the two writs of error have been consolidated.

The defendants first contend that the only evidence against them was the uncorroborated testimony of accomplices, which they claim was insufficient to establish their guilt. The evidence showed that the Watseka Elks Club was broken into and that about $6000 was stolen. Walter Urban testified that he had helped the defendants plan the burglary and had pointed out a side entrance to the club which would be easy to enter. After the burglary the defendants told Urban that they had committed the crime and told him his share of the proceeds was $400. Urban's wife testified that she saw the defendants carry a box full of money into Urban's bedroom and heard the defendants tell Urban that they got about $6000 from the club. Mrs. Urban went to a bank with Kovacivich and saw him make a $1000 deposit shortly after the burglary. The evidence showed that a wastebasket which was taken from the club was found in the apartment where the defendants were living. Kovacivich did not testify and Ault testified that he was in another city at the time of the crime. His testimony was supported by that of his mother and a friend. We are of the opinion

that the testimony was sufficient to establish the guilt of the defendants beyond a reasonable doubt. The testimony of the accomplice, Urban, was corroborated by Mrs. Urban's testimony and the fact that the stolen wastebasket was found in the defendants' apartment. The jury was not, of course, obligated to believe Ault's alibi evidence. See: *People* v. *Todaro,* 14 Ill.2d 594.

The defendants also contend that the circuit court erred in refusing to give an instruction as to the weight to be given to an accomplice's testimony. We do not believe any useful purpose would be served by quoting the instruction in question. We find that the subject matter of this instruction was covered by other instructions and are of the opinion that the trial court did not err in refusing to give it. Defendants also assign error on the refusal of the trial court to give an instruction as to prior inconsistent statements of witnesses. This instruction was refused on the ground that there was no evidence of any prior inconsistent statements. The defendants claim that the instruction should have been given because the testimony of certain State's witnesses was inconsistent. Defendants apparently have misconstrued the law. Evidence of conflicts between the testimony of two witnesses is no evidence of a prior inconsistent statement of a particular witness. There was no proof of any prior inconsistent statement by any witness and the instruction was properly refused. See: *People* v. *Rukavina,* 338 Ill. 128.

Finally, the defendants argue that the court should have declared a mistrial when the prosecutor referred to the defendants as "hoodlums". The additional abstract shows that during the cross-examination of Mrs. Urban, defense counsel asked if she was planning to leave her husband because of his relationship with another woman. When she replied in the negative, counsel asked if she were leaving for another reason and she replied that this was right. On redirect examination she was asked what her reason was and

she stated that she couldn't put up with her husband dragging hoodlums into the house. The prosecutor asked if she was referring to the defendants, but an objection was sustained and the witness did not answer. The defense opened the door to an inquiry by the prosecutor as to Mrs. Urban's reasons for leaving her husband and cannot complain that the answer was unfavorable. In view of this, and also in view of the fact that the court sustained the objection, we are of the opinion that this was not prejudicial error. *People* v. *Oliff*, 361 Ill. 237; *People* v. *Wesley*, 18 Ill.2d 138.

We have considered all of the assignments of error and are of the opinion that the defendants received a fair trial and were proved guilty beyond a reasonable doubt. The judgments of the circuit court of Iroquois County are affirmed.

*Judgments affirmed.*