THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELRE CLARK, Defendant-Appellant.

(No. 55932; ■■■■■■■

First District—January 23, 1973.

Gerald W. Getty, Public Defender, of Chicago, (Fred Shandling and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Terence J. Mahoney, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a prosecution for murder. Defendant was convicted by a jury; and after post-trial proceedings, he was sentenced to serve 25 to 75 years. To reverse his conviction, he appealed to the Supreme Court. There, he presented three issues. I. Whether the trial court deprived him of due process of law and fundamental fairness by restricting the time and the circumstances under which his lawyer could interview a surprise rebuttal witness. II. Whether the trial court erred in allowing the prosecution to call an occurrence witness in rebuttal of defendant's testimony. III. Whether the cross-examination to which he was subjected deprived defendant of a fair trial. However, after briefs and arguments were filed, the Supreme Court transferred defendant's appeal to this court for disposition.

## I.

At the trial, three witnesses testified that at about 2:00 A.M. on January 23, 1968, there was an altercation between defendant, who was also known as "Carl," and David Evans in a tavern called Lena's Lounge, 1951 South Kedzie Avenue, Chicago. One of the witnesses saw defendant go into his right-hand pocket and take out a six-inch blade knife. None of them saw defendant stab Evans. But all of them heard Evans cry out, "Carl, don't kill me! Carl, you're killing me! You're killing me, you're killing me!" They saw defendant pick up his hat and walk out of the tavern. Evans collapsed with a knife wound in the chest from which he died a short time later.

When defendant testified, he admitted that there was an altercation, that he hit Evans more than once, that Evans cried out "You're killing me!" and that he picked up his hat and walked out of the tavern. Concerning the wounding of Evans, defendant said, "I did not stab him. I do not carry knives."

To rebut defendant's testimony, the State called Fred Mitchell. The State informed the trial court that Mitchell was in Lena's Lounge on

January 23, 1968 and saw defendant stab David Evans. Defendant objected to Mitchell's testimony on the ground that he had not been listed as a witness for the prosecution. The trial court ruled, however, that the State did not have to furnish defendant with the names of rebuttal witnesses. Then, defendant's lawyer said that the calling of Mitchell took him by surprise. Because of this, the trial court gave the lawyer five minutes to interview Mitchell in private, and after that, conducted a more extensive interrogation of Mitchell in chambers with the two assistant State's Attorneys present. Defendant contends that with regard to this interrogation, the restriction of time and the presence of the two prosecutors deprived him of due process of law and denied him fundamental fairness in his trial.

■■ Enlightened modern criminal law recognizes the right of a defendant to interview a prosecution witness before that witness gives testimony against him. (*Commonwealth v. Balliro* (1965), 349 Mass. 505, 209 N.E.2d 308; See Annot., 14 A.L.R.3d 652; 23 C.J.S. Criminal Law § 1025.) It is said, however, that enjoyment of this right is subject to the exercise of sound judicial discretion. A conviction will not be reversed for denial of this right unless it is apparent that the accused suffered prejudice as a result. *People v. Aadland* (1961), 193 Cal.App.2d 584, 14 Cal. Rptr. 462; *Atkins v. State* (1926), 115 Ohio St. 542, 155 N.E. 189; *Whitehead v. State* (1938), 134 Tex. Crim. 579, 116 S.W.2d 703.

■■ Accordingly, it has been held that limiting defense counsel to no more than ten minutes to confer with witnesses after the State rested its case is not error. (*Bruce v. State* (1934), 169 Miss. 355, 152 So. 490.) And it has been said that important as it may be, the right of a defendant to interview a prosecution witness is subject to reasonable conditions imposed in the exercise of sound judicial discretion. (*People v. Lewis*, 112 Ill.App.2d 1, 250 N.E.2d 812.) But more important in this case, is the rule that absent consent of the witness, or some intimation of willingness, a court will not compel a witness to be examined in private by counsel for either side of a criminal case. *People v. Touhy*, 361 Ill. 332, 197 N.E. 849.

■■ In the case before us, the trial court, after being told by defense counsel that the calling of Mitchell was a surprise, permitted a private interview and then allowed further interrogation in chambers with prosecuting attorneys present. That interrogation disclosed that Mitchell saw the altercation in Lena's Lounge. Despite the time limit, or the presence of the two prosecutors, defendant's counsel, in advance of Mitchell's testimony, learned all that he needed in order to conduct a meaningful cross-examination. Therefore, we conclude that the trial court did not

deprive defendant of due process of law or fundamental fairness by restricting the time and the circumstances under which his lawyer was allowed to interview a surprise rebuttal witness.

## II.

After the interview, and over defendant's objections, the trial court ruled that the prosecution could call Mitchell as a rebuttal witness. Defendant contends that this ruling was error because it permitted the prosecution to call in rebuttal a witness who in reality was a witness in chief, one whose existence was known to the prosecution but withheld from defendant. In support of this contention, defendant relies on *People v. Castree*, 311 Ill. 392, 407, 143 N.E. 112 and *People v. Crump*, 5 Ill.2d 251, 266, 125 N.E.2d 615, cases which contain *dicta* that the prosecution ought not, with knowledge of important testimony at its command, close its case without introducing it, and then, after the defendant has introduced his testimony be permitted to open up the case anew and introduce evidence in chief, which it could have produced at the proper time, but withheld.

Clearly, what was said in *Castree* and *Crump* has no application to this case. Here, the prosecution did not reopen its case; nor was withheld testimony introduced against the defendant. What the prosecution did was to announce the calling of a witness, Fred Mitchell, whose whereabouts, according to the uncontradicted testimony of an assistant State's Attorney, was discovered after defendant testified. Mitchell was in Lena's Lounge the early morning hours of January 23, 1968. Two prosecution witnesses mentioned his presence. When he testified, he explained that he gave the police an incorrect name and an incorrect address, which certainly explained why the prosecuting attorneys did not know of him in time to introduce his testimony as part of the prosecution's case in chief. It appears, then, that Mitchell was a rebuttal witness.

■■■ A rebuttal witness is one who gives testimony that tends to explain, repel, contradict or disprove the evidence of a defendant. (*People v. Bell*, 328 Ill. 446, 159 N.E. 807; *People v. Daugherty*, 43 Ill.2d 251, 253 N.E.2d 389.) And as to witnesses of this kind, the State does not have to furnish the defense with names and last known addresses. (See Ill. Rev. Stat. 1969, ch. 38, par. 114—9(c); *People v. Howze*, 7 Ill.App.3d 60, 286 N.E.2d 507.) Nor does it matter that part or all of a rebuttal witness's testimony was proper as evidence in chief for the prosecution. (See *People v. Shannon*, 94 Ill.App.2d 110, 236 N.E.2d 369; *People v. Nettles*, 107 Ill.App.2d 143, 246 N.E.2d 29.) Therefore, the trial court did not err in allowing the prosecution to call Fred Mitchell, an occurrence witness, in rebuttal of defendant's testimony.

### III.

Defendant testified in his own defense. He was asked about the altercation in Lena's Lounge and whether on that occasion he had a knife. "I don't carry knives," he replied. In answer to a question, he told the jury that a week after the altercation he was arrested at his place of employment. His lawyer asked him if he made any attempt to leave the county, escape or evade anyone. He answered, "I did not. The police have a record of me." Then, defendant was asked if he knew Ruth Shenault. His answer was, "Been with Ruth Shenault quite a few times [sic]."

When he was cross-examined, defendant was asked: "You said that the police had a record on you?" There was an objection but no ruling. Then, concerning his ownership of knives, he was asked, "You use a razor blade—." After a negative answer, defendant's attorney made an objection which the court sustained and ordered the question stricken with an instruction that the jury disregard it. Next, defendant was asked questions concerning his acquaintance with Ruth Shenault. In answer to one of these, defendant said that he had "* * * been out with her several times." When pressed as to the number of times and where, defendant said he had been out with Ruth Shenault three times "at my place." Defendant contends that the cross-examination in which he was asked about his criminal record, his ownership of a razor blade and his acquaintance with Ruth Shenault, deprived him of a fair trial before the jury.

■■■ We do not agree with this contention. Defendant elected to be a witness in his own case. He thereby became subject to cross-examination and impeachment, just as any other witness. (*People v. Ladas*, 12 Ill.2d 290, 146 N.E.2d 57; *People v. Zaeske*, 67 Ill.App.2d 115, 213 N.E.2d 577.) It was defendant who initiated the inquiry into the scope of his ownership of knives, the record which the police had on him and his acquaintance with Ruth Shenault. It is well established that a defendant cannot complain when, on cross-examination, the prosecution pursues a line of inquiry which he initiates. (*People v. Bridgeforth*, 51 Ill.2d 52, 66, 281 N.E.2d 617; *People v. Ault*, 28 Ill.2d 34, 190 N.E.2d 815.) Since defendant, in his direct testimony, had touched on these subjects, cross-examination concerning them was proper. (Compare *People v. Longstreet*, 2 Ill.App.3d 556, 276 N.E.2d 825; *People v. Garcia*, 3 Ill.App.3d 695, 279 N.E.2d 506; *People v. Snell*, 74 Ill.App.2d 12, 219 N.E.2d 554; *People v. Terczak*, 96 Ill.App.2d 373, 238 N.E.2d 626.) In any event, the latitude of permissible cross-examination, even of a defendant in a criminal case, is subject to the control of sound judicial discretion. (*People v. Somerville*, 88 Ill.App.2d 212, 220, 232 N.E.2d 115.) We find no abuse

of discretion. Therefore, we conclude that the cross-examination to which he was subjected did not deprive defendant of a fair trial. The judgment is affirmed.

Affirmed.

SCHWARTZ and BURMAN, JJ., concur.